IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LENTON FERGUSON, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:14cv00108 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD CLARKE, *et al.*, | ) | By: Michael F. Urbanski |
|     Defendants. | ) | United States District Judge |

Lenton Ferguson, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, raising claims related to the defendants' alleged use of excessive force and failure to protect Ferguson while he was incarcerated at Wallens Ridge State Prison ("WRSP").[1] Defendant Harold Clarke has moved to dismiss this action, and the remaining defendants have moved for summary judgment.[2] For the reasons stated herein, the court will dismiss Ferguson's claim against defendant Inspector General for failure to state a claim, grant Clarke's motion to dismiss, and grant in part and deny in part the remaining defendants' motion for summary judgment.

I.

Ferguson alleges that on July 7, 2013, Officer Gunther "threw a [food] tray on" Ferguson through the tray slot in Ferguson's cell door. Ferguson states that he told Sgt. Hughes about the incident and showed him the food, but Sgt. Hughes "left without addressing the incident."

---

[1] Ferguson filed a motion (Docket No. 20) to amend his complaint to join Regional Administrator George Hinkle and the WRSP Grievance Administrator as defendants to this action because they failed to respond to Ferguson's grievances. However, Ferguson has no constitutional right to participate in the grievance process, Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), and, therefore, Ferguson's amendment would be futile. Accordingly, the court will deny the motion to amend.
    In addition, Ferguson filed a motion (Docket No. 55) for reconsideration of the court's previous order that terminated three Red Onion State Prison employees as defendants to this action and directed the Clerk to file Ferguson's claims against those defendants in a separate action. See Docket No. 53. Having reviewed the motion and pertinent portions of the record, the court finds that separating these actions was appropriate and, therefore, will deny Ferguson's motion to reconsider.

[2] Defendant Inspector General has not filed a dispositive motion because service of process has not been accomplished on this defendant. However, as stated herein, the court finds that Ferguson's allegation against Inspector General fails to state a claim and, thus, the court will *sua sponte* dismiss this claim.

Ferguson also alleges that on July 10, 2013, during transportation to outside recreation, Officer Gunther assaulted him "by punching [him] and pushing [his] head into the floor" while Ferguson was handcuffed. Ferguson alleges that Officer Bailey stood behind Officer Gunther, holding a strap that was attached to the handcuffs and restricted Ferguson's movements. After the "assault," Ferguson alleges that Officers Gunther and Bailey "returned periodically," threatening to assault Ferguson again if he told anyone about the prior assault. Despite these threats, Ferguson states that he showed Capt. Anderson and Lt. King the head injury he received from the assault and that they "laughed and ignored" Ferguson. Ferguson also states that he showed Nurse Morgan the injury and told her about the assault, but she incorrectly reported in Ferguson's medical records that he hit his head.

Ferguson alleges that on July 11, 2013, Officers Ewing, McCray, Thompson, Hall, and Bailey assaulted him by taking turns punching him in his ribs and stomach repeatedly. Ferguson alleges that Capt. Anderson was present and "supervised the assault."

Ferguson alleges that on July 12, 2013, Lt. King and Officer Davis moved Ferguson to a new cell and that, during the move, Lt. King "instructed" Officer Davis to assault Ferguson. Officer Davis began punching Ferguson on his back and head. Ferguson alleges that "Lt. King then used the assault to force [Ferguson] to withdraw [his] complaint mentioning [King] in it."

Two days later on July 14, 2013, while being transported to the medical department, Ferguson alleges that Sgt. Crabtree began punching Ferguson in his torso causing bruises to Ferguson's chest. Ferguson also alleges that, during the assault, Officer Claudill held the wheelchair that Ferguson was being transported in and did not attempt to stop the assault.

Ferguson alleges that on July 16, 2013, he "found out that Warden Holloway and Unit Manager Collins had told inmates that [Ferguson] was a snitch." Ferguson also alleges that Warden Holloway "directly and indirectly" denied Ferguson grievance forms.

Ferguson alleges that on July 17, 2013, he gave the Inspector General a statement "about all the beatings and mistreatment," and the Inspector General had an investigator take pictures of Ferguson's injuries, but "no [other] action was taken."

Ferguson alleges that on July 30, August 12, and September 6, 2013, he sent letters to, and his family members called, Virginia Department of Corrections Director Harold Clarke about the alleged assaults and mistreatment, but "nothing was done." Ferguson does not state whether his family members actually spoke with Director Clarke.

On August 16, 2013, Ferguson was transferred to Red Onion State Prison ("ROSP") and, after arriving, he learned that his television was broken during the transfer. Ferguson does not allege who broke the television but alleges that it was either "purposely placed where damage was an obvious outcome or [it was] broken by physical force."

## II.

Ferguson alleges that defendant Inspector General failed to take any action after investigating Ferguson's complaints "about all the beatings and mistreatment." To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Ferguson does not allege how the Inspector General's failure to take action after investigating Ferguson's complaints violates Ferguson's federal rights. Accordingly, I will dismiss Ferguson's claims against the Inspector General without prejudice for failure to state a claim.[3]

---

[3] Further, to the extent Ferguson is attempting to allege that the Inspector General violated his constitutional rights by failing to adequately investigate his complaints, that claim is not cognizable under § 1983. See Charles v. Nance, 186 F. App'x 494, 495 (5th Cir. 2006) (holding that alleged failure to investigate a grievance "fails to assert a due process violation"); Sweat v. Rennick, No. 9:11-2908, 2012 U.S. Dist. LEXIS 55200, at *5, 2012 WL 1358721, at *2 (D.S.C. Feb. 7, 2012) ("Plaintiff's complaint that this Defendant has not properly investigated his claims . . .fails to set forth a claim for a violation of a constitutional right."); Lewis v. Williams,

**III.**

Defendant Director Clarke moved to dismiss Ferguson's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."[4] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Ferguson alleges that Director Clarke "did nothing" after Ferguson and his family contacted Director Clarke on July 30, August 12, and September 6, 2013, about the alleged assaults and mistreatment that occurred between July 10 and 14, 2013. Ferguson does not allege that Director Clarke was involved in the alleged assaults or mistreatment or that Director Clarke had any knowledge of the incidents before or while they were happening. Ferguson also does not allege that Director Clarke actually received or knew of Ferguson's letters or Ferguson's family members' telephone calls. Ferguson does not allege any personal action by Director Clarke which violated Ferguson's constitutional rights. See West, 487 U.S. at 42; Garraghty v. Va. Dep't of Corr., 52 F.3d 1274, 1280 (4th Cir. 1995); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Barrow v. Bounds, 498 F.2d 1397 (4th Cir. 1974). Further, to the extent

---

Nos. 05-13, 05-51, 05-52, 2006 U.S. Dist. LEXIS 8444, at *18-19, 2006 WL 538546, at *7 (D. Del. Mar. 6, 2006) ("[T]he failure to investigate a grievance does not raise a constitutional issue.").

[4] A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Ferguson is attempting to bring a claim against Director Clarke under the theory of supervisory liability, it fails. In order to set forth a claim for supervisory liability under § 1983, a plaintiff must show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Ferguson has failed to allege any facts that would establish any of the Shaw elements. Even assuming contact was actually made with Director Clarke, Ferguson alleges, at most, that Director Clarke was aware of alleged assaults and mistreatment after the fact. That is insufficient to establish liability for actions that occurred beforehand. Accordingly, the court finds that Ferguson has failed to state a constitutional claim against Director Clarke and, therefore, will grant Director Clarke's motion to dismiss.

## IV.

In response to the Ferguson's complaint, the remaining defendants filed a motion for summary judgment supported by affidavits. Federal Rule of Civil Procedure 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In order to preclude summary judgment, the dispute about a material fact must be "'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001). However, if the evidence of a genuine issue of

material fact "is merely colorable or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 250. In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. Id. at 255.

In their motion for summary judgment, the defendants argue that Ferguson's claims regarding the food tray and his television fail to state a claim and that Ferguson's remaining claims are unexhausted. In response to the defendants' motion for summary judgment, Ferguson argues that he attempted to exhaust his administrative remedies as to each of his claims but was denied grievance forms, received no response to some of the grievances he filed, and was threatened and intimidated to withdraw grievances. In addition, Ferguson alleges that he was transferred to ROSP while several of his WRSP grievances were pending and, although he tried to continue with the grievance process after his transfer, he was "hindered" from doing so.

Having reviewed the record, the court finds that Ferguson's food tray and television claims fail to state a constitutional claim and, therefore, will grant summary judgment as to those claims. However, the court finds that a material dispute of fact exists as to whether the grievance process was available to Ferguson and, therefore, denies summary judgment as to Ferguson's remaining claims.

## V.

Ferguson alleges that Officer Gunther used excessive force when he threw a tray of food on Ferguson through the tray slot and that Sgt. Hughes failed to "address[]" the matter. The court finds that Ferguson's allegations fail to state a constitutional claim and, therefore, will grant defendants' motion for summary judgment as to these claims.

The Eighth Amendment protects inmates from cruel and unusual punishment. See Wilson v. Seiter, 501 U.S. 294, 296-97 (1991); Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir.

1996). To succeed on an excessive force claim under the Eighth Amendment, a prisoner must establish that "the officials acted with a sufficiently culpable state of mind" and that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." Hudson v. McMillian, 503 U.S. 1, 8 (1992) (quotation and alteration omitted); see, e.g., Farmer v. Brennan, 511 U.S. 825, 834 (1994). "The core judicial inquiry . . . [is] not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (quotations omitted); see United States v. Gore, 592 F.3d 489, 494 (4th Cir. 2010); Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987). However:

> This is not to say that the absence of serious injury is irrelevant to the Eighth Amendment inquiry. . . . [N]ot every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim.

Wilkins, 559 U.S. at 37-38 (citations and quotations omitted); see Hudson, 503 U.S. at 9-10; Whitley v. Albers, 475 U.S. 312, 319 (1986); Gore, 592 F.3d at 494. Indeed, the extent of the injury may suggest that "'the use of force could plausibly have been thought necessary' in a particular situation" or "provide some indication of the amount of force applied." Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 7). Further, the Constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991), abrogated on other grounds by Cnty. of Sacramento v. Lewis, 523 U.S. 833 (1998).

Ferguson's allegations do not establish that Officer Gunther acted maliciously and sadistically to cause harm or that the force used was more than *de minimis* or was repugnant to the conscience of mankind when he threw the tray at Ferguson. See Gevara v. Hubbard, et al., No. 1:09cv681, 2014 U.S. Dist. LEXIS 86277, at *10-12, 2014 WL 2881611, at *4 (M.D.N.C.

June 25, 2014) (". . . the act of throwing the tray was more a symbolic act of aggression than an application of excessive force. Therefore, this court finds the force *de minimis* and, as such, insufficient to state a constitutional violation."). Accordingly, the court finds that Ferguson has failed to state an excessive force claim against Officer Gunther. Inasmuch as Officer Gunther did not use unlawful force against Ferguson with regard to the food tray, Ferguson's allegation that Sgt. Hughes failed to address the matter also does not state a claim. Accordingly, the court will grant defendants' motion for summary judgment concerning these claims.

## VI.

Ferguson alleges that his television was broken when he was transferred from WRSP to ROSP. However, Ferguson does not allege that any of the defendants broke his television or were responsible for it breaking. Therefore, the court will grant the defendants' motion for summary judgment as to this claim. See West, 487 U.S. at 42.

## VII.

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). "The exhaustion requirement is mandatory, and courts lack the authority to waive that requirement." Graham v. Gentry, 413 F. App'x 660, 663 (4th Cir. 2011) (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). The exhaustion requirement "allow[s] a prison to address complaints about the program it administers before being subjected to suit, reduc[es] litigation to the extent complaints are satisfactorily resolved, and improv[es] litigation that does occur by leading to the preparation of a useful record." Jones v. Bock, 549 U.S. 199, 219 (2007).

Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes "unavailable" if prison employees do not respond to a properly filed grievance, or if they otherwise act to prevent a prisoner from exhausting administrative remedies. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Therefore, a court may excuse a prisoner's failure to exhaust an administrative remedy if a prisoner, "through no fault of his own, was prevented from availing himself of" the remedy. Id.

The court does not have sufficient evidence to evaluate Ferguson's allegations that he was hindered in pursuing his administrative remedies. As such, the court will deny the pending motion for summary judgment. Pursuant to the court's Standing Order 2013-6, the court directs the remaining defendants to file a supplemental motion for summary judgment directed to Ferguson's claim that he has been hindered in his ability to exhaust his administrative remedies and as to his claim on the merits. An appropriate Order will be entered this day.

Entered: March 24, 2015

*Michael F. Urbanski*

Michael F. Urbanski
United States District Judge